**SUSAN MARTIN (AZ Bar No. 014226)**
**DANIEL BONNETT (AZ Bar No. 014127)**
**JENNIFER KROLL (AZ Bar No. 019859)**
**MARK A. BRACKEN (Az Bar No. 026532)**
**MARTIN & BONNETT, P.L.L.C.**
1850 N. Central Avenue, Suite 2010
Phoenix, Arizona 85004
Telephone: (602) 240-6900
Fax:  (602) 240-2345
smartin@martinbonnett.com
dbonnett@martinbonnett.com
jkroll@martinbonnett.com
mbracken@martinbonnett.com

**DOUGLAS B. LIPSKY (NY Bar No. 4352076)**(*Pro Hac Vice pending*)
**BRONSON LIPSKY LLP**
**630 Third Avenue, Fifth Floor**
**New York, NY  10017-6705**
Telephone: (212) 444-1024
Fax:  (212) 444-1030
dl@bronsonlipsky.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MILAN DUSIK, on behalf of himself and other similarly situated, | ) Case No. |
| | ) |
| | ) |
| Plaintiff, | ) **COMPLAINT** |
| vs. | ) |
| | ) |
| HOLSUM BAKERY, INC. and JOHN DOES # 1-10, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Milan Dusik, on behalf of himself and others similarly situated, ("Plaintiff"), by his attorneys, Martin & Bonnett, P.L.L.C, as and for his Complaint allege as follows:

## NATURE OF THE CASE

1.     This case arises out of Defendant Holsum Bakery, Inc.'s ("Holsum" or "Defendant") unlawful employment practices.  Specifically, Plaintiff was required to work through his unpaid meal breaks and Holsum failed and otherwise refused to pay him overtime compensation for this work, violating the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and Arizona's wage statutes, Ariz. Rev. Stat. § 23-350 *et. seq.*

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this is a civil action that arises under the laws of the United States.  Specifically, this action is brought under 29 U.S.C. § 216(b).  This Court has supplemented jurisdiction over the state claim under 28 U.S.C. § 1367(a).

3.     This Court has personal jurisdiction over Holsum because it regularly transacts business in and has significant and continuous contact with this District.

4.     At all times material, Holsum was, and continues to be, engaged in interstate commerce as the FLSA defines it.

5.     At all times material, during his employment with Holsum, Plaintiff was engaged in interstate commerce as the FLSA defines it.

6.     Venue is proper under 28 U.S.C. § 1391(b) as Holsum resides in or around Maricopa County, Arizona and Plaintiff resides in this District.

## PARTIES

7.     Plaintiff, Milan Dusik, is a citizen and resident of Maricopa County, Arizona, was at all relevant times employed by Holsum Bakery as a Foreman employee, and he was an "employee" within the meaning of Ariz. Rev. Stat. § 23-350.

8.     At all relevant times during his employment with Holsum, Plaintiff was classified as a non-exempt employee, paid hourly and, pursuant to Holsum's policy and pattern or practice, Plaintiff regularly was not paid for all of the time he worked, including applicable premium pay.

///

9.      The Class Members are the individuals Holsum Bakery currently employs and/or employed in the Foreman or Forewoman position (collectively "Foreperson") who are and were permitted to work for Holsum Bakery and not paid their regular or statutorily required rate of pay for all hours worked.

10.      The proposed class ("Class") is defined as follows:

> All individuals who are currently or formerly employed by Holsum Bakery in the Foreperson position who worked through their unpaid meal breaks and who were not paid for this work, including premium pay, within three (3) years of the date this action was commenced.

11.      Holsum is an Arizona corporation authorized to conduct business in Arizona and is within the jurisdiction of this Court.  Holsum's principal place of business is located in Phoenix, Arizona.

12.      Holsum is an "employer" within the meaning of 29 U.S.C. § 203(d) and Ariz. Rev. Stat. § 23-350.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

13.      Plaintiff brings FLSA claims on behalf of himself and all similarly situated Foreperson employees who work or have worked for Holsum Bakery as Foreperson employees who elect to opt into this action.

14.      Holsum Bakery is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and similarly situated employees.  Holsum Bakery's failure to pay overtime compensation to similarly situated Holsum Bakery employees results from Holsum Bakery's standard policy and practice of requiring Foreperson employees to work through their unpaid meal breaks.

15.      The class members are readily identifiable and all Foreperson employees similarly worked through their unpaid meal breaks and all were and are harmed by Holsum Bakery's unlawful decision refusing and failing to pay overtime compensation in violation of the FLSA.  Notice should be sent to the FLSA Class Members pursuant to 29 U.S.C. § 216(b).

///

16.     Plaintiff also brings suit on behalf of himself and on behalf of all others similarly situated Foreperson employees for violations of Arizona's Wage Statutes under the provisions of Rule 23 of the Federal Rules of Civil Procedure with respect to violations alleged in this Complaint.  Judicial economy dictates that the issues raised here be resolved in a single action.

17.     The requirements for maintaining this action as a class action under Fed. R. Civ. P. 23(a)(1) are satisfied in that there are too many Class members for joinder of all of them to be practicable.  Upon information, there are more than twenty (20) members of the proposed Class.

18.     The claims of the Class members raise numerous common questions of fact and law, thereby satisfying the requirements of Fed. R. Civ. P. 23(a)(2).

19.     Plaintiff's claims are typical of the claims of Class members and therefore satisfy the requirements of Fed. R. Civ. P. 23(a)(3).  Plaintiff and the Class members work or have worked for Holsum Bakery as Foreperson employees and have not been paid overtime wages for hours they worked in excess of 40 hours per work when they worked through their unpaid meal breaks.

20.     Plaintiff will adequately represent the interest of the Class Members because he is similarly situated to the Class Members and his claims are typical of, and concurrent to, the claims of the other Class Members and thereby satisfies the requirements of Fed. R. Civ. P. 23(a)(4).

21.     No conflicts of interest exist between Plaintiff and the other Class Members.

22.     Class Co-counsel, Bronson Lipsky LLP, and Martin & Bonnett, PLLC, are each qualified and able to litigate the Plaintiff's and Class Member's claims, as Class Co-counsel largely concentrate their practices in employment and employee benefits litigation and are experienced in class action litigation, including class actions arising under federal wage and hour laws, and therefore satisfy the requirements of Fed. R. Civ. P. 23(g).

23.     All of the requirements of Fed. R. Civ. P. 23(b)(1) are satisfied in that the prosecution of separate actions by individual members of the Class would create a risk of

4

inconsistent or varying adjudications establishing incompatible standards of conduct for Defendant. Also, individual adjudications present a risk of adjudications that, as a practical matter, would be dispositive of the interests of other members who are not parties.

24. All of the requirements of Fed. R. Civ. P. 23(b)(3) also are satisfied in that questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

**GENERAL ALLEGATIONS**

25. Holsum Bakery is engaged in the business of operating a bakery that supplies baked goods to multiple locations throughout the State of Arizona and the Southwest region of the United States, including grocery and convenience stores, outlet stores, resorts and restaurants.

26. Holsum Bakery employed Plaintiff and those current and former employees similarly situated in the Foreperson position.

27. Plaintiff and those current and former similarly situated Foreperson employees customarily and regularly performed non-exempt physical or manual work. That is, the primary duties of Plaintiff and Foreperson employees consist and/or consisted of reviewing the content of orders to ensure they contain the correct products, reviewing the management-established processes to ensure each production process is being properly followed, fixing and repairing equipment at the bakery, loading transport loaders, "splitting" the buns, bread and hard rolls off of their respective lines to the appropriate depot, loading and unloading trucks, and operating a forklift.

28. Plaintiff and those current and former Foremen employees similarly situated rarely, if ever, exercise true discretionary powers in connection with matters of significance.

29. Plaintiff and those current and former employees similarly situated worked and continue to work under the supervision of a General Manager and a Regional

Manager and were not and are not authorized to make any decisions regarding hiring or firing nor were or are they relatively free from supervision in connection with matters of significance.

30.     Holsum Bakery Foreperson employees' duties and responsibilities make them non-exempt from the requirements to pay overtime.

31.     Holsum Bakery employed three (3) Forepersons per shift, with three (3) shifts per day.

32.     During the three years prior to this suit, Holsum Bakery terminated the employment of several Forepersons while, at the same time, hiring several new Forepersons.

33.     Holsum Bakery classified and continues to classify Foreperson employees as non-exempt because Holsum Bakery did and does pay Foreperson employees overtime for hours worked that exceed forty (40), except when Holsum Bakery did not and does not compensate the Foreperson employees when they worked through their unpaid breaks.

34.     Pursuant to Holsum Bakery's "Meal and Break Deduction Policy," Holsum Bakery's timekeeping system, up until in or around February 2011, automatically deducted time from Foreperson employee's paychecks each day for meals, breaks and other reasons.  Beginning in or around February 2011 and to date, Holsum Bakery's Meal and Break Deduction Policy involves the Shipping Superintendent affirmatively deducting time from Foreperson employee's time cards each day for meals, breaks and other reasons.

35.     Despite having this policy, Holsum Bakery did and does not ensure that Plaintiff and Class Members perform no working during the breaks.

36.     Plaintiff and Class Members do in fact perform non-exempt work during those breaks and are not paid for that time.

37.     Holsum Bakery knew or should have known that the Plaintiff and Class Members perform work during meal and other unpaid breaks, but still did not pay them for this time pursuant to their Meal and Break Deduction Policy.

38.     Holsum maintained this policy through the three years prior to this suit.

39.     Holsum Bakery does not prohibit Plaintiff and Class Members from working during their unpaid breaks and does not have rules against such work.

40.     Although Holsum Bakery's policy deducts time each shift, Holsum Bakery expects Plaintiff and Class Members to be available to work throughout their shifts and consistently requires its Foreperson employees to work during their unpaid breaks.

41.     Given the demands of a bakery, Holsum Bakery's management knew that, for the Foreperson employees' assigned tasks to be timely completed, Plaintiff and Class Members had to work through their meal breaks, even during times when they were not paid for their meal breaks.

42.     Holsum Bakery therefore should have known that Plaintiff and Class Members perform work during their unpaid breaks.

43.     Further, Holsum Bakery actually knows that Plaintiff and Class Members perform or performed work during their unpaid breaks.

44.     For example, during the relevant period of time, Plaintiff and Class Members perform work for Holsum Bakery on Holsum Bakery's premises, in plain sight, and at management's request.

45.     During the relevant period of time, Holsum Bakery's management has repeatedly observed Plaintiff and Class members working through their unpaid breaks.

46.     At all times relevant, even though Holsum Bakery knows or should have known its employees are performing such work, Holsum Bakery failed to compensate Plaintiff and Class Members for such work.

47.     Plaintiff and Class Members subject to the Meal and Break Deduction Policy are not fully compensated for all hours worked during breaks.

48.     Plaintiff and Class Members are entitled to compensation for all hours worked for Holsum Bakery, including during their unpaid breaks.

49.     In addition, if Plaintiff and Class Members' hours had been properly calculated by Holsum, the time spent working during unpaid breaks often would include

hours worked that Holsum should have calculated at applicable premium pay rates.

50.    Plaintiff and Class Members regularly worked for Holsum Bakery in excess of forty hours per workweek.

51.    Upon information and belief, Holsum Bakery's failure to pay Plaintiff and Class Members for their unpaid breaks was willful and without justification or authorization.

**COUNT I**

**VIOLATION OF THE FAILR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND ALL FLSA CLASS MEMBERS**

52.    Plaintiff realleges and incorporates the allegations in paragraphs 1-51 as if set forth fully herein.

53.    Holsum Bakery has engaged and is engaging in a widespread pattern and practice of violating the FLSA.

54.    Plaintiff has consented in writing to be a party to this action under 29 U.S.C. § 216(b), which is attached hereto as Exhibit A.

55.    Plaintiff and those current and former Foreperson employees similarly situated are entitled to be paid one and one-half times their hourly rate for each hour of unpaid work they worked during each week in which they worked in excess of forty hours.

56.    In the course of employment with Holsum Bakery, Plaintiff and those current and former Foreperson employees similarly situated regularly worked in excess of forty hours, but were not properly paid overtime compensation.

57.    The pay practices of Holsum Bakery, as described in the above paragraphs, violated the FLSA by failing to properly pay overtime to Plaintiff and the Class Members.

58.    Holsum Bakery's violations of the FLSA are willful and intentional. Holsum Bakery has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the Class Members.

59.    Because of Holsum Bakery's willful and unlawful acts, a three year statute

of limitations applies, pursuant to 29 U.S.C. § 255 and Plaintiff and the Class Members have been harmed and suffered damages by being denied overtime wages in accordance with the FLSA, plus incurred costs and reasonable attorneys' fees.

60.     As a result of Holsum Bakery's violations of the FLSA, Plaintiff and the Class Members are entitled to liquidated damages in an amount equal to the wages they are owed as unpaid overtime.

61.     As a result of Holsum Bakery's violations of the FLSA, Plaintiff and those current and former Foreperson employees similarly situated are entitled to declaratory and injunctive relief.

62.     As a result of Holsum Bakery's unlawful acts, Plaintiff and the Class Members are entitled to recovery of overtime wages, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**VIOLATION OF ARIZONA'S WAGE ACT ON BEHALF**
**OF PLAINTIFF AND ALL CLASS MEMBERS**

63.     Plaintiff realleges and incorporates the allegations in paragraphs 1-62 as if set forth fully herein.

64.     At all times relevant to this action, Plaintiff was and is an employee and Holsum Bakery was and is an employer within the meaning of and subject to Ariz. Rev. Stat. § 23-350 *et. seq.*

65.     Ariz. Rev. Stat.  § 23-351 provides that:

> A. Each employer in this State shall designate two or more days in each month, not more than sixteen days apart, as fixed paydays for payment of wages to the employees . . .
>
> ***
> C.  Each employer shall, on each of the regular paydays, pay to the employees . . . all wages due the employee up to such date . . .

66.     Ariz. Rev. Stat. § 23-351(c)(3) provides that: "[o]vertime or exception pay shall be paid no later than sixteen days after the end of the most recent pay period."

67.     In direction violation of Ariz. Rev. Stat. § 23-351(c)(3), Holsum Bakery did not pay Plaintiff and the Class Members within sixteen (16) days of the most recent applicable pay period for the work they performed during their respective breaks, including overtime owed to them under the FLSA.

68.     As a result of Defendant's violations of Ariz. Rev. Stat. § 23-351, Plaintiff and members of the Class are entitled to an award of the unpaid wages, with prejudgment-interest thereon, and are entitled to treble the amount of such wages, together with attorneys' fees and costs pursuant to Ariz. Rev. Stat. §23-355.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Milan Dusik, individually and an on behalf of others similarly situated, prays that judgment be entered against Holsum Bakery and that the Court award the following relief:

(a)     An order preliminarily and permanently restraining Holsum Bakery from engaging in the aforementioned pay violations;

(b)     An award crediting Plaintiff and Class Members for all hours worked;

(c)     An award of the value of Plaintiff's and Class Members' unpaid wages and overtime;

(d)     Liquidated damages under the FLSA equal to the sum of the amount of wages and overtime that were not properly paid to Plaintiff and Class Members;

(e)     Judgment for Plaintiff and the Class against Holsum Bakery for treble damages under Ariz. Rev. Stat. § 23-355;

(f)     An award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating Plaintiff and Class Members' rights;

(g)     An award of pre- and post-judgment interest;

(h)     The amount equal to the value which would make Plaintiff and Class Members whole for the violations; and

(i)     Such other and further legal or equitable relief as this Court deems to be just and appropriate.

**JURY DEMAND**

Plaintiff demands a jury to hear and decide all issues of fact in accordance with Fed. R. Civ. P. 38(b).

DATED this 27th day of March, 2012.


MARTIN & BONNETT, P.L.L.C.


By: s/Daniel L. Bonnett
    Daniel L. Bonnett
    Susan Martin
    Jennifer L. Kroll
    Mark A. Bracken
    1850 N. Central Avenue, Suite 2010
    Phoenix, AZ  85004
    (602) 240-6900

       -and-

BRONSON LIPSKY LLP


By: s/Douglas Lipsky
    Douglas Lipsky (*pro hac vice* pending)
    630 Third Avenue, Fifth Floor
    New York, NY  10017-6705
    (212) 392-4772

    Attorneys for Plaintiff