**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Milan Dusik, on behalf of himself and other similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>Holsum Bakery, Inc. and John Does # 1-10,<br><br>        Defendants. | No. CV12-00648-PHX-NVW<br><br>**ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND AUTHORIZING NOTICE TO CLASS MEMBERS** |

This matter comes before the Court on Joint Motion for Preliminary Approval of Settlement, which was filed with the Court on February 18, 2013. (Doc. 35) The terms of the proposed settlement are set forth in the settlement agreement filed with the Joint motion. (Doc. 35-1) Having reviewed the Joint Motion, the proposed settlement agreement and release, and all attachments thereto, this Court GRANTS preliminary approval of the settlement pursuant to Fed. R. Civ. Proc. 23 and Section 216(b) and authorizes notice to be sent to members of the identified classes. Accordingly, it is hereby ORDERED that:[1]

    1.    The Court hereby certifies, in connection with and solely for purposes of settlement, two settlement classes defined as follows:

        a.    All individuals who performed services as a lead employee for Holsum at any time from March 27, 2009 through March 27, 2012 and who worked one or more workweeks in excess of forty hours and through one or more lunches and were not paid overtime as required by the FLSA (hereafter referred to as the "**Federal Class**"); and

---

[1] Except as otherwise provided herein, the capitalized defined terms herein shall have the same meaning as explicitly set forth in the Joint Motion.

     b.     All individuals who performed services as a lead employee for Holsum in Arizona at any time from March 27, 2011 through March 27, 2012 and who worked one or more workweeks in excess of forty hours and through one or more lunches and were not paid wages in violation of Arizona's Wage Payment Statutes during that time period (hereafter referred to as the "**Rule 23 Class**").

2.     The Court finds, in connection with the settlement and based on the Joint Motion and attachments thereto, that:

     a.     The Holsum Settlement Class is so numerous that joinder of all members is impracticable, therefore satisfying the requirements of Rule 23(a)(1);

     b.     There are questions of law or fact common to the Holsum Settlement Class, therefore satisfying the requirements of Rule 23(a)(2);

     c.     The claims of the named Plaintiff are typical for settlement purposes of the claims of the Class Members, satisfying the requirements of Rule 23(a)(3);

     d.     The Named Plaintiff, as the representative party, will fairly and adequately protect the interests of each Class Member in the Settlement Class, therefore satisfying the requirements of Rule 23(a)(4);

     e.     Milan Dusik is hereby appointed as class representative of the Holsum Settlement Class;

     f.     The Court hereby appoints Dan Bonnett and Mark Bracken of Bonnett & Martin, and Doug Lipsky of Bronson Lipsky LLP as Class Counsel for the Holsum Settlement Class, having determined that the requirements of Rule 23 of the Federal Rules of Civil Procedure are fully satisfied by their respective appointments; and

     g.     Questions of law and fact common to the members of the Holsum Settlement Class, considered in the context of and in light of the settlement, predominate over questions affecting only individual members, and a class action is superior to other methods available for the fair and efficient

1 settlement of the controversy, satisfying the requirements of Rule 23(b)(3).

2     h.    Certification of this class for purposes of Section 216(b) of the FLSA is appropriate for settlement purposes only.

3.    The certification of the Holsum Settlement is contingent on and for purposes of settlement only. If the Holsum Settlement does not become final for any reason, Plaintiff and Holsum shall be restored to their respective positions as if no settlement agreement had been reached. Moreover, if the Holsum Settlement does not become final for any reason, Holsum shall not have waived any objections they may have or may have asserted to the certification of any class under Rule 23 or Section 216(b).

4.    Upon review of the record and the Holsum Settlement, the Court finds that the proposed settlement, which includes the claims-made reversionary fund of $225,000.00 to those Class Members who submit valid and timely claims (called "Claimants"), and significant prospective relief of turning off the auto-deduct policy for lunch, in exchange for dismissal of the Litigation with prejudice and a release of FLSA and Arizona Wage Act claims by all such Class Members, was reached by arms' length negotiations by highly-experienced counsel, with the assistance of Hunter Hughes, an experienced, outside mediator. The Court further finds that the settlement is reasonable, suffers from no obvious defects, and falls within the range of reasonableness for approved settlement.  As a result, the settlement is hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

5.    Within 30 days after the date of entry of this Order, the Claims Administrator shall cause copies of the Notice, in the form as attached as Attachment 2 to the Affidavit of Kevin P. Hishta, to be mailed by first class mail, postage prepaid, to the of Class Members, to the extent they can be identified with reasonable diligence.

6.    The foregoing form of Notice and the Notice plan are hereby found to be reasonable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement, in full compliance

3

with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

7. The Court further hereby approves the proposed Claim Form and Allocation Formula submitted by Plaintiff as fair and reasonable.

8. The Court authorizes the parties to make minor, non-substantive revisions to the Claim Form and Notice following the issuance of this Order as they deem appropriate and necessary and to also insert deadlines and dates consistent with this Order without necessity of further Court intervention.

9. The cost of notice and, as incurred, processing of claims, shall be paid by Holsum, as provided for in the Settlement Agreement.

10. To effectuate the Holsum Settlement and notice provisions, Class Counsel has designated and the Court appoints RG/2 Claims Administrator, LLC as the Claims Administrator ("Claims Administrator"), to be responsible for: (a) establishing a P.O. Box and toll-free phone number for the purpose of communicating with members of the Settlement Class; (b) disseminating or causing to be published the Class Notice; (c) accepting and maintaining documents sent from Class Members, including opt-out forms, claims forms, and other documents relating to claims administration; and (d) administering claims for allocation of funds among members of the Class, according to the Allocation Formula provided.

11. As described in the Class Notice, any Class Member may opt out of the Class by mailing a completed request for exclusion form, using the language provided in the Settlement Agreement and on the Notice ("Request for Exclusion"), to the Claims Administrator, postmarked on or May 29, 2013. Persons that request exclusion shall not be entitled to share the benefits of the Settlement, nor be bound by any judgment in connection with this Litigation, whether favorable or adverse, regarding Holsum.

12. Any Class Member who does not properly and timely mail a Request for Exclusion set forth above shall be included in the Settlement Class and shall be bound by all the terms and provisions of the Holsum Settlement Agreement pertaining to the

4

Arizona Wage Act claims, including the release of such claims, whether or not such potential Class Member shall have objected to the Holsum Settlement Agreement and whether or not such potential Class Member makes a claim upon or participates in the Settlement.

13. Class Counsel shall file their application for attorneys' fees and application for service award for Plaintiff on or before the earlier of June 12, 2013. As set forth in the Holsum Settlement, all amounts awarded for attorneys' fees shall be awarded from the Gross Fund. Class Counsel shall be responsible for all of its own costs and expenses. Holsum shall be separately responsible for the service award, as set forth in the Settlement Agreement.

14. Objections to the Settlement and/or fee application by Class Members must be post-marked on or before June 26, 2013.

15. Class Counsel shall file their Motion for Final Approval of Settlement on or before July 9, 2013.

16. The Court will hold a final Fairness Hearing on July 30, 2013 at 10:00 a.m. in Courtroom 504, 5th Floor at the United States District Court for the District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 W. Washington St., Phoenix, Arizona, 85003, to consider: (a) the fairness, reasonableness, and adequacy of the Settlement; and (b) the fee petition and application for an incentive award by Plaintiff.

17. Any Class Member who has not filed a Request for Exclusion may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support or of in opposition of the fairness, reasonableness and adequacy of the Settlement; the fee petition or incentive award or Allocation Formula, provided that such person, individually or through counsel, first deliver by hand or first class mail written objections, postmarked no later than July 15, 2013, to:

> Clerk of Court
> *Dusik et al. v. Holsum Bakery, Inc.*, No. CV12-00648-PHX-NVW
> United States District Court for the District of Arizona,
> Sandra Day O'Connor U.S. Courthouse,

5

401 W. Washington St., Phoenix, Arizona, 85003

with copies to Dan Bonnett and Mark Bracken of Bonnett & Martin, and Doug Lipsky of Bronson Lipsky LLP, attorneys for Plaintiffs; and Michelle H. Ganz, Kevin Hishta and Margaret Santen Hanrahan, attorneys for Defendant.

18. Any Class Member who does not make his/her objection in the manner and by the time provided herein shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Holsum Settlement Agreement, the Allocation Formula, or to the award of attorneys' fees to Class Counsel, unless otherwise ordered by the Court. The manner in which a notice of objection shall be prepared, filed and delivered shall be stated in the Notice.

19. Class Members shall submit their Claim Forms no later than sixty (60) days from the day such Notice and Claim Form was mailed or within such additional time as may be allowed under the terms of the Settlement Agreement and Release for Claimants on active military duty.

20. The date and time of the Fairness Hearing shall be set forth in the Class Notice but shall be subject to change by the Court without further notice to the members of the Settlement Class other than that which may be posted at the Court or on the Court's website. The Court may approve the Holsum Settlement, if appropriate, without further notice to the Class.

21. All reasonable expenses incurred in identifying and notifying members of the Settlement Classes, as well as administering the Holsum Settlement Fund, shall be paid as set forth above in the Holsum Settlement Agreement.  In the event the Holsum Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiff, Claimants, Class Counsel, nor Holsum shall have any obligation to repay any amounts actually and properly disbursed from the Holsum Settlement Fund or contractually bound to be paid.

22. In the event the Holsum Settlement is terminated in accordance with the

provisions of the Holsum Settlement Agreement, the Holsum Settlement and all proceedings had in connection therewith shall be null and void, except to the extent such nullification and voidance would be contrary to the Holsum Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiff, Defendant and the members of the Settlement Classes. The claims of Class Members who affirmatively opt-out of the Settlement will be tolled for the period from entry of an Order Granting Preliminary Approval of Settlement to thirty (30) days following entry of the Court's Final Approval Order.

23. In accordance with the Holsum Settlement Agreement, neither the agreement itself, nor any and all of the negotiations, statements, and proceedings in connection herewith, shall be construed or deemed to be evidence of an admission or concession on the part of Plaintiff, Defendant, any of the Releasees, any member of the Settlement Classes, or any other person of the truth of any of the allegations in the Litigation and of any liability, fault or wrongdoing of any kind or that class or conditional certification was appropriate under Rule 23 and Section 216(b).

Dated this 21st day of February, 2013.

_____
Neil V. Wake
United States District Judge