**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Milan Dusik, on behalf of himself and other similarly situated,<br><br>                           Plaintiff,<br>vs.<br><br>Holsum Bakery, Inc., et al.,<br><br>                           Defendants. | ) Case No. CV-12-00648-PHX-NVW<br>)<br>) **ORDER APPROVING JOINT**<br>) **MOTION FOR FINAL APPROVAL**<br>) **OF CLASS AND COLLECTIVE**<br>) **ACTION AND FINAL CLASS**<br>) **ACTION JUDGMENT**<br>)<br>)<br>) |

This matter having come before the Court for hearing on July 30, 2013, pursuant to the Court's Order entered February 21, 2013 ("Preliminary Approval Order") (Doc. 39), upon due and adequate notice having been given to the Class members, as required in the Preliminary Approval Order (Doc. 39) and supplemental Order dated July 12, 2013 (Doc. 44) , and the Court having considered all papers filed and proceedings had herein, to determine the fairness of and final approval of the Settlement and Plaintiffs' Motion for Award of Attorneys' Fees and Costs and for Approval of Payment of Incentive Award to Class Representative (Doc. 39), and otherwise being fully informed in the premises and for good cause appearing therefore, the Court finds that the Settlement reached by the parties, as set forth in their Settlement Agreement appended to the Joint Motion for Preliminary Approval, is fair, reasonable, adequate, and in the best interests of the Federal

and Rule 23 Classes as defined in the Court's Preliminary Approval Order (collectively, the "Class") and satisfies all of the requirements of Federal Rule of Civil Procedure 23(a).

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. This Order and Judgment Approving the Settlement Agreement incorporates by reference the definitions in the Agreement and all exhibits, attachments and schedules thereto.

2. This Court has jurisdiction over the subject matter of this litigation and over all members of both the Federal Class and the Rule 23 Class.

3. After consideration of the evidence, the Court further finds that the mailing, and distribution of the Notice of Settlement of Wage/Hour Class and Collective Action ("Notice") together with the Claim Form and the Supplemental Notice mailed to Class members setting forth the date, time and place of the fairness hearing constituted the best notice practicable under the circumstances, and that such Notice, including individual notice to Class members whose mailing address or other contact information were identified through reasonable effort, and constituted valid, due, and sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and Section 216(b) of the Fair Labor Standards Act, this Court hereby approves the Settlement as set forth in the Settlement Agreement, finds that said Settlement is, in all respects, fair, reasonable, adequate and in the best interests of Class members, satisfies the requirements of Federal Rule of Civil Procedure 23(a), directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Agreement, and orders all Parties to take the necessary steps to effectuate the Settlement as set forth in the Agreement.

5. The Court hereby approves the following findings of fact:

A. Class Counsel has vigorously prosecuted this case and conducted extensive investigation of the governing law, relevant facts and relevant documents.

      During the prosecution of the litigation, Class Counsel undertook meaningful and sufficient discovery and the parties exchanged sufficient and adequate information and documents to fully and fairly evaluate the claims and defenses asserted by the parties in this litigation and has abundant information on which to make an informed decision about the Settlement.

B.   Class Counsel, counsel for Defendant, and the mediator worked diligently and reasonably to create an allocation and distribution formula which is part of the Settlement and explained in the Notice to Class members. The allocation and distribution formula is fair, reasonable and equitable.

C.   The Settlement provides for a claims-made, reversionary Settlement, which has an aggregate value of not more than $225,000.00. After adjustment for the attorneys' fee award and incentive payment to the Class Representative, all Class members who filed Claim Forms will be compensated according to the allocation and distribution formula with the remainder reverting to Defendant according to the terms of the Settlement.

D.   The Settlement also acknowledges that Defendant has suspended its former practice of automatically deducting thirty (30) minutes for meal breaks for Class members on a going forward basis, that Class members now "clock-in" and "clock-out" for meal breaks or if interrupted during meal breaks, and that all Class members, whether they file a Claim form or not, have thereby received a benefit by virtue of the Settlement.

E.   The Settlement eliminates the risks inherent in continuing the litigation in this case, including the risk that there could eventually be no monetary recovery for any Class member.

F.   Given the disputed issues of fact and law and the risks to the Class and the further delay that would be entailed in continued litigation, including a potential trial, and the subsequent appeal of any judgment after trial, the Settlement is fair, reasonable and in the best interests of the Class.

G. Considering the factual and legal issues in dispute, anticipated motion practice, the possibility of trial and appeal and the expected duration of litigation, the terms and amount offered in the Settlement are highly favorable.

H. Class Counsel has extensive experience in wage and hour collective and class action litigation and Class Counsel is therefore well equipped to negotiate a fair settlement for the named Plaintiff and the Class. Class Counsel's opinion merits great weight both because of Class Counsel's familiarity with the litigation and because of their extensive experience in similar actions. Defendant's counsel likewise has extensive experience in this area and they, too, believe the Settlement is fair and reasonable.

I. The Settlement is the result of an extensive arm's length adversarial negotiation and mediation process. The parties engaged in mediation with Hunter Hughes, a nationally-recognized and highly-experienced mediator with substantial collective and class action knowledge.

J. Both parties represented the interests of their clients vigorously and devoted a considerable amount of time, effort and resources to secure the terms of the Settlement, including the plan of allocation and distribution to ensure a fair, adequate and equitable distribution.

K. As set forth in Plaintiffs' Motion for Award of Attorneys' Fees and Costs and for Payment of Incentive Award to Class Representative together with the supporting documentation, (Docs.39, 39-1, 39-2, 39-3 & 39-4), Class Counsel's fee application in the amount of $67,500.00 which includes costs advanced in the amount of $1,039.76, is fair, reasonable and appropriate in accordance with the standards set forth in this Circuit and Local Rule 54.2(c)(3). Likewise, based upon the evidence and supporting documentation, Plaintiff's request for payment of an incentive award for the

Class Representative in the amount $5,000.00 is fair, reasonable and appropriate in accordance with Circuit precedent.

6. The terms and provisions of the Settlement as embodied by the parties' Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law or due process requirements. The Parties are hereby directed to comply with the terms of the Agreement and this Order and Final Judgment.

7. The Settlement is hereby approved as fair and reasonable. The allocation and distribution formula as set forth in the Settlement is final and non-appealable. As set forth in the Agreement, Defendant shall take all reasonable and diligent steps to pay all Class members who submitted timely Claim Forms in accordance with the allocation and distribution formula and the terms of the Settlement.

8. Plaintiffs' Motion for Award of Attorneys' Fees and Costs and Payment of Incentive Award to Class Representative is granted. Defendant is hereby ordered to pay Class Counsels' attorneys' fees in the amount of $67,500.00. Further, Defendant is hereby ordered to pay the Class Representative the sum of $5,000.00, pursuant to the terms of the Agreement, in addition to any amount the named Plaintiff is entitled to receive under the allocation and distribution formula set forth in the Agreement. Such amounts shall be paid to Class Counsel and the Class Representative within ten (10) days of the entry of this Order and Final Judgment.

9. The named Plaintiff and all members of the Rule 23 Class and Federal Class shall be bound by all of the terms, obligations and conditions of the Settlement Agreement, including but not limited to the release of claims set forth therein, and all determinations and judgments in this action concerning the Settlement.

10. Neither the Settlement, nor any of its provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission by any party of the truth of any allegation in this action or of any liability, fault, or wrongdoing of any kind.

11. Final Judgment is hereby entered pursuant to Fed. R. Civ. P. 54 and Fed. R. Civ. P. 58, consistent with the terms of the Settlement Agreement.

12. All claims against Defendant in this action are dismissed with prejudice and the Clerk is directed to close this case, but the Court shall retain exclusive and continuing jurisdiction over the construction, interpretation, implementation, and enforcement of the parties' Settlement and over the administration and distribution of Settlement benefits.

Dated this 30th day of July, 2013.

_____
Neil V. Wake
United States District Judge